The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1. Is it permissible for a Justice of the Peace to telephone another member of the quorum court to discuss an ordinance pending before the quorum court? Specifically, would such conduct constitute a violation of the Freedom of Information Act? Assume for purposes of this opinion that the Justice of the Peace actively lobbies or tries to convince the other Justice of the Peace to vote in a particular manner on the pending matter. Does it matter if the Justice of the Peace was notified by the County Attorney that such action would be a violation of the Freedom of Information Act?
 2. If you determine that this action is a violation of the Freedom of Information Act, would this conduct affect the subsequent vote on the ordinance that was discussed? Assume for purposes of this question that the ordinance passed by one (1) vote, and the both Justices who discussed the matter in advance voted in favor of the ordinance.
 3. Would the ordinance in question be void under these circumstances? If the ordinance involved a tax or fee, would the implementation of this ordinance constitute an illegal exaction? Would the conduct by the Justice of the Peace constitute misfeasance or malfeasance such that he would be subject to removal from office?
RESPONSE
As I have previously stated on the topic of telephone conversations between members of a governing body, the question as to whether a discussion between two members constitutes a "meeting" under the Arkansas Freedom of Information Act ("FOIA") cannot be satisfactorily addressed in the hypothetical. Op. Att'y Gen. Nos. 2001-065 and 2000-096. Until the Arkansas Supreme Court is squarely faced with the question, or the legislature clarifies this issue, it is my opinion that there is no hard and fast rule that two members of a governing body either do or do not always make a meeting under the FOIA. Id. Rather, in my opinion, this is an instance when, in the words of the Arkansas Supreme Court, "[the statute's] interpretation is best developed case by case, when genuinely adversary arguments can be considered against a background of actual facts." Liberty Mutual Ins. v. Billingsley, 256 Ark. 947, 950,511 S.W.2d 476 (1974). This deliberative process falls outside the scope of an opinion from this office. You have asked that I assume certain facts. Undoubtedly, however, there are other relevant facts to consider. I lack both the resources and the authority to act as a factfinder in resolving such matters.
Thus, while I would caution against any discussion of pending county business outside a public meeting context, I am unable to determine whether the particular conduct at issue constitutes a violation of the FOIA. Accordingly, I cannot answer these questions, each of which is premised upon resolution of the FOIA violation issue. There is some suggestion under your questions that perhaps a county attorney has reviewed the situation. This would be appropriate, particularly if the county attorney is also the prosecuting attorney, given the prosecuting attorney's authority to bring charges against anyone who "negligently violates" the FOIA. A.C.A. § 25-19-104 (Repl. 1996). The decision whether to bring such charges rests with the prosecuting attorney, who is invested with broad discretion in this regard. See generally Webb v.Harrison, 261 Ark. 279, 547 S.W.2d 748 (1977).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh